IN THE DISTRICT COURT OF CLEVELAND COUNTY
STATE OF OKLAHOMA

36th NW, LLC,

    Plaintiff,

v.

AXIS Surplus Insurance Company,

    Defendant.

STATE OF OKLAHOMA } S.S.
CLEVELAND COUNTY
**FILED**

FEB 10 2025

In the office of the
Court Clerk MARILYN WILLIAMS

Case No. CJ-2024-222

Bauman

## PETITION

Plaintiff 36th NW, LLC, for its Petition against Defendant AXIS Surplus Insurance Company ("AXIS"), alleges and states as follows:

### PARTIES, JURISDICTION, AND VENUE

1.    Plaintiff is a limited liability company organized under the laws of the State of Oklahoma and authorized to do business in the State of Oklahoma.

2.    Upon information and belief, AXIS is organized and incorporated under the laws of the State of Illinois.

3.    The events giving rise to the claims asserted by Plaintiff in this lawsuit occurred in Cleveland County, Oklahoma.

4.    This Court has jurisdiction over the parties and subject matter of this action, and this Court is the proper venue for this action.

5.    The amount in controversy, exclusive of costs, interest, and attorneys' fees, exceeds $75,000.00.

### FACTUAL ALLEGATIONS

6.    Plaintiff adopts and incorporate by reference the allegations contained in the preceding paragraphs and further state as follows.

**EXHIBIT
2**

7. At all material times hereto, Plaintiff was insured under an ASIX insurance policy.

8. The subject insured property is located at 3001 36th Avenue NW, Norman, OK 73072 (the "Property").

9. The Property sustained significant covered storm damage during the April 28, 2021 Norman hail storm.

10. The policy was in full force and effect at the time of loss.

11. Plaintiff submitted claims to AXIS, assigned AXIS Claim Nos. AWAX21050100 and AWAX22100160 (the "Claims"), made the premises available for inspection by AXIS's adjusters, cooperated in the investigation that AXIS performed, and otherwise complied with all conditions precedent to recovery under the subject insurance policy.

12. AXIS breached the subject insurance policy by wrongfully denying coverage and failing and refusing to pay the proper amounts due under the policy for the covered damage to Plaintiff's Property.

13. AXIS has refused to pay the full amounts owed on the Claims, has offered alternate repairs that are not accepted by the industry, and has failed to perform a reasonable and thorough investigation of the Claims.

14. AXIS breached the insurance contract and the implied covenant of good faith and fair dealing by, among other things, failing and refusing payment and policy benefits when it knew that Plaintiff was entitled to those benefits, failing to properly investigate Plaintiff's Claims, refusing to honor Plaintiff's claims by applying restrictions not contained in the policy, not attempting in good faith to effectuate a prompt, fair, and equitable settlement of Plaintiff's Claims

once liability had become reasonably clear, refusing to properly consider evidence submitted by Plaintiff and its retained engineer and other representatives, and delaying its investigation.

15. AXIS's refusal to pay benefits owed was unreasonable under the circumstances because it failed to perform a proper investigation or consider the evidence from the investigation it performed.

16. As a direct result of the above-described wrongful acts, Plaintiff has suffered loss of the coverage promised by AXIS, financial loss, and other consequential damages.

17. AXIS's acts and omissions were made with reckless disregard for the rights of others and/or was done intentionally and with malice. Therefore, Plaintiff is entitled to recover punitive damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands the Court for judgment in its favor and against AXIS as follows:

A. That all allegations in this Petition are found to be true and correct;

B. That Plaintiff be awarded compensatory and punitive damages in an amount to be determined at trial, but exceeding $75,000.00, exclusive of costs, interest, and attorneys' fees;

C. That Plaintiff be awarded its costs and attorneys' fees and prejudgment and postjudgment interest as provided by Oklahoma law; and

D. For such other and further relief as the Court deems to be just and appropriate in law or in equity under the facts and circumstances presented by this lawsuit.

3

Respectfully submitted,

Andrew E. Henry, OBA #32009
T. Dylan Hartsook, OBA #35129
CROWE & DUNLEVY
A Professional Corporation
Braniff Building
324 N. Robinson Ave.
Suite 100
Oklahoma City, OK 73102-8273
(405) 235-7700
(405) 239-6651 (Facsimile)
andrew.henry@crowedunlevy.com
dylan.hartsook@crowedunlevy.com

**ATTORNEYS FOR PLAINTIFF**

4